Ms. Ginger P. Crisp Associate General Counsel University of Arkansas 405 Administration Building Fayetteville, AR 72701
Dear Ms. Crisp:
This is in response to your request for an opinion under the authority granted pursuant to Arkansas Code Annotated25-19-105(c)(3)(B) (Supp. 1987), a provision of the Arkansas Freedom of Information Act ("FOIA"). Specifically, you wish to know whether the employment contract of Head Football Coach Kenneth Hatfield is subject to public inspection and copying under the provisions of the FOIA.
It is my opinion that this document is subject to disclosure.
The definition of a public record contained in A.C.A. 25-19-103(1) includes the following:
 All records maintained in public officer or by public employees within the scope of their employment shall be presumed to be public records.
Section 25-19-105(a) (Supp. 1987) states:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
Clearly, then, the employment contract of a university employee compensated with public funds is a public record and subject to public scrutiny unless specifically exempted under Section25-19-105.
According to your correspondence, Coach Hatfield contends that the contract in question qualifies for the exemption from inspection and copying found in Section 25-19-105(b)(10) as follows:
 Personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy.
We have no clear guidance from the Arkansas courts with respect to what constitutes a "clearly unwarranted invasion of personal privacy." This office has reviewed federal precedent in this area, however, and has previously concluded that to qualify for this exemption, the information in question must be of an intimate nature or contain some fact about an individual's private life that would not otherwise be made public except by the individual. See A.G. Opinion No. 88. No. 88-147; 87-108; 87-115. In this regard, we have determined that information regarding the subject's marital status, insurance coverage, and credit union statements should be censored prior to the record's release. Certain personal identifiers such as social security numbers and unlisted telephone addresses and phone numbers should also be removed. See, Opinion No. 87-442. However, this office has also previously stated that the release of the type of information ordinarily contained in a teacher contract does not rise to the level of a clearly unwarranted invasion of personal privacy. Opinion No. 88-147.
It is therefore my opinion that the contract between the University of Arkansas and Kenneth Hatfield is subject to the inspection and copying provisions of the FOIA. Additionally, a review of the contract supplied with your request reveals no information falling within the category of material that should be removed prior to release of the document.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.